IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIRENA ANDERSON | § | PLAINTIFF |
| | § | |
| | § | |
| | § | |
| v. | § | Civil No. 1:21cv303-HSO-RHWR |
| | § | |
| | § | |
| SAFECO INSURANCE COMPANY | § | |
| OF ILLINOIS, et al. | § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER
## REMANDING CASE TO STATE COURT

This matter is before the Court sua sponte to consider its subject-matter

jurisdiction.   Having considered the record and relevant legal authority, the Court

finds that because it lacks subject-matter jurisdiction, this case should be remanded

to the County Court of Jackson County, Mississippi.

## I.   BACKGROUND

Plaintiff Tirena Anderson ("Plaintiff" or "Anderson") was involved in an

automobile accident in March 2018 caused by the alleged negligence of another

driver.   *See* Compl. [1-1] at 3.   Plaintiff filed suit in state court, alleging in her

Complaint that her injuries exceeded the $25,000.00 value of the other driver's

liability insurance policy.   *See id.*   According to Plaintiff, at the time of this

accident she carried uninsured/underinsured motorist coverage with Defendant

Safeco Insurance Company of Illinois ("Safeco" or "Defendant") which insured four

vehicles, resulting in available stacked coverage of $100,000.00, less the $25,000.00 previously paid.   *See id.* at 2-3.

Plaintiff filed suit in the County Court of Jackson County, Mississippi (the "County Court"), against Defendants Safeco, Liberty Mutual Insurance Company ("Liberty Mutual), and fictitious Unknown Insurance Company XYZ for damages in excess of the other driver's liability policy.   *See id.* at 3.   The Complaint sought damages "not to exceed $75,000.00."   *Id.*   According to Safeco, Plaintiff also filed Responses to its First Set of Requests for Admission in state court acknowledging that:

1)   she "would not accept any sum greater than $75,000.00 for any damage even if awarded by a jury";
2)   she "will never seek to amend the Complaint to seek an amount above $75,000.00";
3)   she is "not seeking damages from Safeco in excess of $75,000.00, exclusive of interests [sic] and costs as a result of the accident";
4)   she "will not seek a verdict in excess of $75,000.00, exclusive of interest and cost [sic], at the trial of this matter"; and
5)   she "will not execute on any judgment rendered in [her] favor in this matter against Safeco in excess of $75,000, exclusive of interests and costs".

Notice [1] at 2-3; *see also* Ex. B [8-1].

On June 21, 2021, the County Court entered an Agreed Order [1-3] of Dismissal Without Prejudice as to Liberty Mutual.   Order [1-3] at 1.   Then, on August 24, 2021, Plaintiff filed a Motion for leave to file an Amended Complaint, *see* Mot. [1-4] at 1, and attached a proposed Amended Complaint, *see* Proposed Am. Compl. [1-4] at 3-6.   The proposed Amended Complaint names only Safeco as Defendant; asserts that the amount due to Plaintiff by Safeco is $12,491.00;

advances a new bad faith claim; and seeks damages for Plaintiff's "permanent personal injuries, pain and suffering, medical bills, anxiety and emotional distress, plus punitive damages . . . ."  *Id.* at 3.

The same date he filed the Motion to amend in state court, Plaintiff's counsel e-mailed Safeco's counsel an Agreed Order Allowing Amendment of Complaint and requested Safeco's counsel's signature.  *See* Notice [1] at 4; Ex. E [1-5] at 1. According to the Notice of Removal,

> Safeco's counsel sent an email to Anderson's counsel forwarding him a copy of Anderson's Responses to Requests for Admission and asking if he was agreeable to revising the proposed Amended Complaint to conform to Anderson's previous responses to Requests for Admission as to the amount Anderson seeks to recover in damages through the Complaint . . . .   Anderson's counsel has not replied to this request or otherwise denied his client's intent to limit her recovery to no more than $75,000.

Notice [1] at 4; *see* Ex. F [1-6] at 1.

On September 22, 2021, before the County Court had resolved the Motion for Leave to File Amended Complaint, Safeco removed the case to this Court, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332.  *See* Notice [1].  Safeco asserts that there is complete diversity of citizenship and that the amount in controversy is now satisfied, pointing to the punitive damages demand in the proposed Amended Complaint, *see id.* at 3-4, along with the deletion of the limiting language for damages "not to exceed $75,000.00" that had been included in the original Complaint, *see id.*; Compl. [1-1] at 3.

Because the Court questioned whether the amount in controversy was satisfied at the time of removal, it entered an Order [4] requiring briefing on

subject-matter jurisdiction.   *See* Order [4].   Plaintiff and Safeco have both responded.   *See* Resp. [7]; Mem. [9].   Both parties agree that the amount of damages Plaintiff seeks in her proposed amended pleading exceeds the jurisdictional threshold.   Plaintiff indicates that the fact that this case was removed before the Complaint was amended presents a "logistics problem" that can be corrected by this Court granting leave to amend, Resp. [7] at 3, while Safeco asserts that the proposed amended complaint and Plaintiff's subsequent conduct demonstrate her intent to seek damages in excess of $75,000.00, such that the Court "should retain jurisdiction over this case," Mem. [9] at 1.

## II.   DISCUSSION

### A.   Relevant legal authority

Even where a plaintiff has not filed a motion to remand, "federal courts are duty-bound to examine the basis of subject matter jurisdiction sua sponte."   *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) (quotation omitted).   Safeco removed the case based upon diversity jurisdiction.   28 U.S.C. § 1332(a)(1) provides that

> [t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
> (1)    citizens of different States . . . .

28 U.S.C. § 1332(a)(1).   It appears that complete diversity of citizenship exists, but whether the amount in controversy is satisfied is problematic.

According to the United States Court of Appeals for the Fifth Circuit, "the jurisdictional facts that support removal must be judged at the time of the removal." *White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003) (quotation omitted).   It

must be apparent from the face of the complaint and any evidence presented by the removing defendant that the amount in controversy exceeds $75,000.00, such that "[t]he preponderance of the evidence thus indicate[s] that the amount-in-controversy requirement was met" at the time of removal.   *Id.*   Once a removing defendant makes this showing, "removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated."   *Id.* (quoting *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)).

B.    Analysis

Safeco does not contend that the amount in controversy was satisfied at the time the original Complaint was filed; it argues that the new bad faith claim in the proposed Amended Complaint, along with the accompanying request for punitive damages and no limitation on damages in its *ad damnum* clause, raised the amount in controversy above the $75,000.00 threshold for purposes of diversity jurisdiction and triggered removal.   *See* 28 U.S.C. § 1332(a).   However, the record reflects that at the time of removal, the County Court had not yet granted Plaintiff's Motion for Leave to File Amended Complaint.   Thus, the operative pleading at the time of removal remained the original Complaint, which demanded damages "not to exceed $75,000.00."   Compl. [1-1] at 3.

While the Court has found no controlling Fifth Circuit authority directly on point, district courts in this Circuit have addressed two different situations where a motion to amend along with a proposed amended complaint is filed in state court and what effect that has upon the removability of a case.   *See, e.g., Hopkins-Archie*

5

*v. Travelers Ins. Co.*, No. 3:19cv351-TSL-RHW, 2019 WL 3413851, at *2 (S.D. Miss.
July 29, 2019) (discussing the two different scenarios). Under the first scenario, the
proposed amended complaint created a basis for federal jurisdiction only if the
proposed pleading were to become the operative pleading, such that a state-court
order allowing the amended pleading was required before subject-matter
jurisdiction could be established and the case could be removed.   *See id.*
(acknowledging that "[w]hen an original complaint does not state a federal claim
but a plaintiff moves to amend the complaint in such a way that would then allow
for removal, there is no basis for removal until the motion to amend is granted,"
though finding that was not the situation in that case) (quoting *White v. Alfa
Agency, Inc.*, No. 4:14cv171-DMB-JMV, 2016 WL 54683, at *2 (N.D. Miss. Jan. 5,
2016)).   In the second situation, the proposed amended complaint merely
"illuminated the existing basis for federal jurisdiction by disclosing plaintiffs'
intention to seek damages that likely exceed $75,000," and the case could become
removeable before the state court ruled on the motion to amend.   *Hopkins-Archie*,
2019 WL 3413851, at *2.

In *White*, the original state-court complaint sought damages under two
insurance policies, each of which was worth $25,000.00, and the plaintiff claimed
that the defendants were "indebted to her for the approximate amount of $50,000,
utilizing stacking, along with interest and costs," making the amount in controversy
$50,000.00.   *White*, 2016 WL 54683, at *2.   The plaintiff later filed a motion to
amend and attached a proposed amended complaint that included a bad faith claim

6

for which the plaintiff sought punitive damages.  *See id.* at *1.  The defendants removed the case to federal court on grounds that the punitive damages claim placed the amount in controversy in excess of $75,000.00.  *See id.*  The United States District Court for the Northern District of Mississippi disagreed because the motion to amend was never granted in state court and the amended complaint never became the operative pleading.  *See id.* at *2.  Because the operative pleading before the district court remained the original state-court complaint, the district court found that it lacked subject-matter jurisdiction and remanded the case.  *See id.*

In contrast, the original complaint in *Hopkins-Archie*, which Safeco cites in its Memorandum [9], did not demand a specific amount of damages, nor did it limit its damages.  *See Hopkins-Archie* v. *Travelers Ins. Co.*, No. 3:19-cv-351-TSL-RHW, Compl. [1-3] at 1-2 (S.D. Miss. May 21, 2019).  Also, unlike this case, it does not appear that there were Responses to Requests for Admissions limiting damages in *Hopkins-Archie*.  *See* Ex. B [8-1].  Instead, at the time of removal in *Hopkins-Archie*, "it was unclear whether the amount in controversy exceeded the $75,000 threshold for federal diversity jurisdiction," and the proposed amended pleading "illuminated the existing basis for federal jurisdiction by disclosing plaintiffs' intention to seek damages that likely exceed $75,000."  *Hopkins-Archie*, No. 2019 WL 3413851, at *2.  This was true because when a complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the

7

jurisdictional amount – either by showing that it is facially apparent from the pleading that plaintiff's claims are likely above $75,000.00 or by presenting evidence to support a finding of the requisite amount.   *See Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003).   In this case, a specific amount of damages was pled in the original Complaint's *ad damnum* clause, making it unlike *Hopkins-Archie*.

Safeco's removal presents a situation more similar to *White*, in that Plaintiff's original Complaint clearly does not support the exercise of federal diversity jurisdiction, but the motion to amend in state court, if granted, would create a basis for federal jurisdiction by the addition of the bad faith claim.   *White*, 2016 WL 54683, at *2.   This is not a situation where the proposed amended complaint simply illuminates an existing basis for federal jurisdiction; rather it is one in which Plaintiff proposes to add a new bad faith claim and materially change the nature and the amount of the relief sought.   *See Hopkins-Archie*, 2019 WL 3413851, at *2; *White*, 2016 WL 54683, at *2.

Because Safeco filed a responsive pleading to the original Complaint, *see* Cnty. Ct. Docket [1-7] at 2, and it does not appear that Safeco's counsel filed a written consent to the proposed amendment, *see* Miss. R. Civ. P. 15(a); *see also* Ex. E [1-5] at 8 (unexecuted proposed Agreed Order attached to Notice of Removal), Plaintiff could amend her pleading in state court "only by leave of court," Miss. R. Civ. P. 15(a).   There is no indication that the County Court ever granted Plaintiff leave to amend her Complaint, *see* Cnty. Ct. Docket [1-7] at 2-3, nor is there any

guarantee that the state court will in fact grant Plaintiff leave to do so, *see* Miss. R. Civ. P. 15(a).   Thus, at the time of removal, the operative pleading remained the original Complaint, which did not assert a bad faith claim, did not seek punitive damages, and clearly demanded damages below this Court's jurisdictional threshold.

The United States Supreme Court has explained that if a plaintiff "does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."   *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938).   The Fifth Circuit has recognized an exception to this rule where "[t]he face of the plaintiff's pleading will not control if made in bad faith," as the holding in *St. Paul Mercury* "plainly was premised on the notion that the plaintiff would not be able to recover more in state court than what was alleged in the state court complaint."   *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995).   The Fifth Circuit noted that most states, like Texas in *De Aguilar*, do not limit damage awards to the amount specified in the *ad damnum* clause of a complaint.   *See id.*

The Court notes that the Mississippi Rules of Civil Procedure permit a plaintiff to plead a specific amount of damages, as Plaintiff did here, but if she does, "final judgment shall not be entered for a monetary amount greater than that demanded in the pleadings or amended pleadings."   Miss. R. Civ. P. 54(d).   In one case before this Court, the defendant removed from state court on grounds of

diversity where the state-court complaint sought "actual and monetary damages which do not exceed Seventy-five Thousand Dollars." *Smith v. Am. Nat'l Prop. & Cas. Co.*, No. 1:08CV255-LG-RHW, 2008 WL 11346207, at *2 (S.D. Miss. Sept. 10, 2008).   This Court determined that the foregoing language voluntarily limited all damages that were being sought in the action, including punitive damages.   *See id.*

Relying upon Mississippi Rule of Civil Procedure 54(c), now denominated 54(d),[1] this Court held in *Smith* that the removing defendant's argument that punitive damages would exceed $75,000.00 was rendered moot by operation what is now Mississippi Rule of Civil Procedure 54(d), and the Court found it speculative to assume the plaintiff could amend her complaint later to seek recovery above $75,000.00.   *See id.*   Because it was not facially apparent that the amount in controversy exceeded $75,000.00 at the time of removal, the Court determined that it lacked jurisdiction and remanded the case.   *See id.*

In this case, although Plaintiff has taken the step of seeking to amend her Complaint in state court, *Smith*'s reading of Mississippi Rule of Civil Procedure 54(d) would limit any recovery in this case unless the motion to amend is granted, and it remains speculative whether the state court will grant the motion.   While the parties seem to agree that it is inevitable that the amount in controversy will be satisfied at some point in the future, jurisdictional facts must be judged at the time of the removal, *see White*, 319 F.3d at 676, and "parties can never consent to federal

---

[1] Prior to July 1, 2018, this provision was located at subsection (c), but Mississippi Rule of Civil Procedure 54 was amended to add new (c) and redesignate former (c) as (d).   *See* Miss. R. Civ. P. 54.

subject matter jurisdiction," *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

The operative pleading at the time of removal remained the original Complaint, which contained no punitive damages claims and limited Plaintiff's damages to an amount "not to exceed $75,000.00."   Compl. [1-1] at 3.   The amount in controversy at the time of removal did not exceed "the sum or value of $75,000, exclusive of interest and costs," 28 U.S.C. § 1332(a), and Safeco's removal was premature.   The Court lacks subject-matter jurisdiction, and remand is required. *See* 28 U.S.C. § 1447(c).

## III.   CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result.   Because the Court lacks subject-matter jurisdiction, this matter will be remanded to the County Court of Jackson County, Mississippi.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that this civil action is **REMANDED** to the County Court of Jackson County, Mississippi, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED**, this the 13th day of December, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE